UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:15 CV 1835 CDP |
| | ) | |
| SMITHKLINE BEECHAM | ) | |
| CORPORATION, d/b/a | ) | |
| GlaxoSmithKline, and | ) | |
| GLAXOSMITHKLINE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER OF TRANSFER**

Plaintiffs Nancy and Adam Jackson are mother and son. Ms. Jackson alleges that she took Defendants' prescription drug Paxil while she was pregnant with Adam. Jackson claims that, as a result of taking the drug, Adam was born with birth defects. Plaintiffs currently live in Atlanta, Georgia, which is located in the Northern District of Georgia. Jackson received her prescription for Paxil, ingested the product, and gave birth to Adam in Austell, Georgia, which is likewise located in the Northern District of Georgia.

Defendant GlaxoSmithKline, LLC (GSK), removed the case to this Court from the Circuit Court of the City of St. Louis, Missouri. GSK is incorporated in Delaware and maintains large corporate/administrative headquarters in

Pennsylvania and North Carolina. GSK is registered to do business in the State of Missouri, and maintains a registered agent in Jefferson City, Missouri. GSK has moved to dismiss this case for a lack of personal jurisdiction, or, in the alternative, to transfer Plaintiffs' claims to the proper venue wherein the alleged injury arose, that is, the Northern District of Georgia.

None of the claims in this case are related to the activities of Defendants in Missouri. Based on the facts asserted in the Complaint, this Court lacks general or specific personal jurisdiction over GSK. Plaintiffs assert, however, that by registering to do business in Missouri and maintaining a registered agent in the State in order to accept service, GSK has consented to personal jurisdiction. I agree.

The Eighth Circuit explained in *Knowlton v. Allied Van Lines* that "[o]ne of the most solidly established ways of giving such consent is to designate an agent for service of process within the State." 900 F.2d 1196, 1199 (8th Cir. 1990). In that case, the court analyzed Minnesota's registration statute, which is substantially similar to Missouri's. The court specifically stated that "the whole purpose of requiring designation of an agent for service is to make a nonresident suable in the local courts." *Id.* Further, this consent applies "for any cause of action, whether or not arising out of activities within the state. Such consent is a valid basis of

personal jurisdiction, and resort to minimum-contacts or due-process analysis to justify the jurisdiction is unnecessary." *Id.* at 1200.

Missouri law allows for the exercise of personal jurisdiction over a corporation that has consented by registering to do business in the State and designated an agent for service of process. Therefore, this Court has personal jurisdiction over GSK, and the motion to dismiss will be denied.

However, I find that justice would be best served by transferring this case.

> Section 1404(a) governs the ability of a federal district court to transfer a case to another district. This provision reads: "For the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1994). The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Id.*

*Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

Under 28 U.S.C. § 1391(b), a civil action may be brought in 1) a judicial district where any defendant resides, if all of the defendants reside in the same State; 2) a judicial district where a substantial part of the events giving rise to the claim occurred; or 3) a judicial district in which the defendant is subject to personal jurisdiction if there is no district in which the action may otherwise be brought. In the present case, venue is proper under § 1391(b)(2) in the United

States District Court for the Northern District of Georgia.  Plaintiffs agree that transfer to that court would serve all parties' interests.

Accordingly,

**IT IS HEREBY ORDERED** that GlaxoSmithKline, LLC's motion to dismiss [8] is **DENIED** and its motion to transfer [8] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1404(a).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2016.